UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

24cr313 PAM/DJF

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT |
| | ) |
| Plaintiff, | ) 18 U.S.C. § 1028A |
| | ) 18 U.S.C. § 1030(a)(4) |
| v. | ) 18 U.S.C. § 1343 |
| | ) 21 U.S.C. § 843(a)(3) |
| (1) OSCAR BECERRA-RUIZ, | ) 21 U.S.C. § 846 |
| | ) |
| (2) JASPER WILLIAM JOHNSON, and | ) |
| | ) |
| (3) RAYJAUN KEON VARNER, | ) |
| | ) |
| Defendants. | ) |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1. At times relevant to this Indictment:

### DEA's Drug Diversion Division

a. The Drug Enforcement Administration ("DEA") was a division of the United States Department of Justice, tasked with enforcing controlled substances laws and regulations of the United States.

b. The Comprehensive Drug Abuse Prevention and Control Act of 1970 gave the DEA the authority to administer and regulate the legitimate manufacture, prescribing, and dispensing of controlled substances. Among other things, the DEA sought to eliminate the diversion of controlled



substances into the illicit market while ensuring an adequate and uninterrupted supply for legitimate medical, commercial, and scientific needs.

  c. The Diversion Control Division was an operational division of the DEA. DEA established the Diversion Control Division to prevent, detect, and investigate any diversions of controlled substances from legitimate sources to those illicit markets.

  d. The Diversion Control Division required physicians, medical practitioners, pharmacies, hospitals, clinics, and teaching institutions that handle or seek to handle controlled substances to register their practices with the DEA. Once registered, these persons and entities were referred to as "registrants."

### The Diversion Control Division's "RICS" System

  e. The Diversion Control Division controlled, operated, and maintained the Registrant Information Consolidated System ("RICS"), a collection of web browser-based applications hosted on servers located in Sterling, Virginia, which are similarly controlled, operated, and maintained by the Diversion Control Division.

  f. RICS was designed to automate user registration, compliance, reporting, and to support investigation and enforcement efforts.

  g. Once a registrant application was approved, the registrant received a DEA registration number, which became a key identifier to access

the registrant's information throughout RICS. Registrants uses a secure online portal to manage their registration and contact information.

h. In addition to providing the required state medical and controlled substance licensure, individual registrants such as practitioners and physicians were required to provide their name, address, social security number, and phone number. Registrants were advised that whoever knowingly or intentionally furnishes false or fraudulent information in the registration application is subject to criminal liability.

i. Registrants could also use their DEA registration numbers for identification verification purposes to create customer accounts with pharmaceutical vendors, through which the registrant could order controlled and noncontrolled substances for use in the registrant's practice.

## COUNT 1
(Conspiracy to Acquire and Obtain Controlled Substances by Fraud)

2. Paragraph 1 is incorporated herein.

3. Beginning no later than December 2022, and continuing through on or about August 3, 2023, the exact dates being unknown to the grand jury, in the State and District of Minnesota and elsewhere, the defendants,

**OSCAR BECERRA-RUIZ,
JASPER WILLIAM JOHNSON,** and
**RAYJAUN KEON VARNER,**

did knowingly and intentionally conspire with one another and others, known and unknown to the grand jury, to acquire and obtain promethazine with codeine, a controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, as described further below.

## Scheme to Defraud

### RICS Intrusions

4. During the period of the conspiracy, defendant JASPER WILLIAM JOHNSON used various paid internet-based record searches to conduct background checks on and secure identifying information for several registered physicians practicing in and around Minnesota and Wisconsin.

5. Defendant JOHNSON then used the information he obtained through those searches to gain unauthorized access to the physicians' accounts in the RICS system. Specifically, JOHNSON logged onto the RICS system with the physicians' DEA registration numbers and Employer Identification Numbers and gained access to the physicians' licensure and contact information.

6. After gaining access to the physicians' RICS accounts, defendant JOHNSON changed the physicians' valid contact information in the system to phone numbers, email addresses, and physical addresses controlled and maintained by members of the conspiracy.

### Payment Accounts

7. To finance their fraudulent scheme, defendant JOHNSON set up peer-to-peer ("P2P") payment accounts in the names of various physicians, including in the names of some of the physicians whose RICS accounts he accessed without authorization. Members of the conspiracy, including but not limited to defendant OSCAR BECERRA-RUIZ, transferred funds from P2P accounts in their own names to the P2P accounts in the names of the physicians.

8. Defendant JOHNSON and other members of the conspiracy also registered several prepaid debit cards in the physicians' names, some of which were linked, in turn, to the P2P accounts described above.

### Orders from Pharmaceutical Wholesalers

9. After having used the physicians' means of identification in the unlawful intrusions into the RICS system and having changed the physicians' contact information to phone numbers and email addresses controlled by members of the conspiracy, defendant JOHNSON used the physicians' stolen information to set up customer accounts in the respective physicians' names with several online pharmaceutical wholesalers.

10. Defendant JOHNSON used the prepaid debit cards in the physicians' names, along with identifying information garnered from the physicians' RICS accounts, to unlawfully place dozens of orders with

pharmaceutical vendors for, among other things, promethazine with codeine, a Schedule V controlled substance.

11. To facilitate the deliveries of controlled substances to members of the conspiracy, defendant JOHNSON directed that the orders be shipped to fake physician office locations in both Minnesota and Wisconsin, at least one of which was leased by defendant OSCAR BECERRA-RUIZ.

### Distribution of Controlled Substances

12. Once the orders of promethazine with codeine were delivered to the sham office locations, members of the conspiracy, including defendants BECERRA-RUIZ, JOHNSON, and RAYJAUN KEON VARNER would retrieve the delivered packages.

13. Members of the conspiracy, including but not limited to defendants BECERRA-RUIZ and VARNER, would then distribute the promethazine with codeine here in Minnesota or would ship the controlled substances to coconspirators elsewhere in the United States.

14. In total, the conspiracy is responsible for conspiring to fraudulently acquire and obtain at least 300 pints of promethazine with codeine, each of which has a street value of approximately $2,500 (totaling $750,000).

All in violation of Title 21, United States Code, Sections 843(a)(3) and 846.

*United States v. Oscar Becerra-Ruiz, et al.*

## COUNTS 2–12
(Wire Fraud – Victim 1)

15. Paragraphs 1-14 are incorporated herein.

16. At times relevant to the Indictment, Dixon Shane LLC, d/b/a R&S Northeast LLC ("R&S"), was a pharmaceutical wholesaler headquartered in Fountain Run, Kentucky. R&S held a commercial bank account with Wells Fargo bank ending in 1630.

17. From on or about January 11, 2023, through on or about May 19, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

did knowingly devise and participate in a scheme and artifice to defraud and to obtain property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material fact.

### Manner and Means

18. It was part of the scheme that defendant JOHNSON registered and administered peer-to-peer ("P2P") payment accounts in the name of various physicians, including Victim 1 and Victim 2, without the physicians' knowledge or permission. JOHNSON then used these P2P accounts to fund a checking account with Green Dot ending in 8017, which he had registered, again without permission, in the name of retired pharmacist Victim 3.

19. It was further part of the scheme that defendant JOHNSON applied for and obtained a customer account with R&S using Victim 1's means of identification. Specifically, defendant JOHNSON listed Victim 1's DEA registration number and included a copy of Victim 1's Controlled Substance Registration Certificate on the new customer application.

20. It was further part of the scheme that defendant JOHNSON used the R&S customer account he created in Victim 1's name to order the controlled substance promethazine with codeine (along with other non-controlled substances) from R&S on at least a dozen occassions. Defendant JOHNSON paid R&S for each order through an electronic money transfer linked to the Green Dot account ending in 8017.

21. In all, by falsely and fraudulently representing to R&S that he was authorized to purchase controlled substances as Victim 1, defendant JOHNSON fraudulently obtained over $7,000 worth of promethazine with codeine, with an estimated street value of over $420,000.

22. On or about each of the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds:

| Count | Date (on or about) | Wire Details |
|---|---|---|
| 2 | March 3, 2023 | Interstate wire transmission crediting the amount of approximately $1,244 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 3 | March 10, 2023 | Interstate wire transmission crediting the amount of approximately $1,634 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 4 | March 17, 2023 | Interstate wire transmission crediting the amount of approximately $1,070 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 5 | March 24, 2023 | Interstate wire transmission crediting the amount of approximately $1,016 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 6 | March 31, 2023 | Interstate wire transmission crediting the amount of approximately $1,000 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 7 | April 18, 2023 | Interstate wire transmission crediting the amount of approximately $1,973 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 8 | April 21, 2023 | Interstate wire transmission crediting the amount of approximately $1,223 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 9 | April 28, 2023 | Interstate wire transmission crediting the amount of approximately $1,012 from Green Dot account ending in 8017 to Dixon Shane LLC's, |

*United States v. Oscar Becerra-Ruiz, et al.*

| | | |
|---|---|---|
| | | d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 10 | May 5, 2023 | Interstate wire transmission crediting the amount of approximately $999 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 11 | May 12, 2023 | Interstate wire transmission crediting the amount of approximately $956 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |
| 12 | May 19, 2023 | Interstate wire transmission crediting the amount of approximately $1,015 from Green Dot account ending in 8017 to Dixon Shane LLC's, d/b/a R&S Northeast LLC, Wells Fargo Bank account ending in 1630 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 13
(Aggravated Identity Theft – Victim 1)

23. Paragraphs 1-22 are incorporated herein.

24. From on or about March 2, 2023, through on or about May 19, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

did knowingly transfer, possess, and use, without lawful authority, means of identification, to wit, the name, Employer Identification Number, and DEA Registration Number, of Victim 1 during and in relation to felony violations enumerated in Title 18, United States Code, Section 1028A(c), to wit, violations of Title 18, United States Code, Section 1343, as alleged in Counts 2 through

12 of this Indictment; all in violation of Title 18, United States Code, Section 1028A.

## COUNT 14
(Attempt to Acquire and Obtain a Controlled Substance by Fraud – Victim 1)

25. Paragraphs 1-24 are incorporated herein.

26. From on or about March 2, 2023, through on or about May 19, 2023, in the State and District of Minnesota and elsewhere, the defendants,

**OSCAR BECERRA-RUIZ,
JASPER WILLIAM JOHNSON,** and
**RAYJAUN KEON VARNER,**

aiding and abetting others, and aiding and abetted by others, did knowingly and intentionally attempt to acquire and obtain promethazine with codeine, a controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit, by making unauthorized intrusions into the RICS system, accessing Victim 1's RICS account without lawful authority, changing Victim 1's contact information in the RICS system, placing orders for promethazine with codeine with pharmaceutical companies using Victim 1's means of identification, receiving the orders at a fake physician office location, and shipping the promethazine with codeine to others involved in the fraudulent scheme via the U.S. Mail; all in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 15
(Accessing a Protected Computer in Furtherance of Fraud – Victim 4)

27. Paragraphs 1-14 are incorporated herein.

28. On or about June 7, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

knowingly and with intent to defraud, accessed a protected computer without authorization and by means of such conduct furthered the intended fraud described in Count 1, and obtained something of value, specifically, approximately $1,000 of the controlled substance promethazine with codeine; all in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A).

## COUNT 16
(Aggravated Identity Theft – Victim 4)

29. Paragraphs 1-14 and 27-28 are incorporated herein.

30. On or about June 7, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification, to wit, the name, Employer Identification Number, and DEA Registration Number, of physician M.P. during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit,

the violation of Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A) alleged in Count 15 of this Indictment; all in violation of Title 18, United States code, Section 1028A.

## COUNT 17
(Attempt to Acquire and Obtain a Controlled Substance by Fraud – Victim 4)

31. Paragraphs 1-14 and 27-30 are incorporated herein.

32. From on or about June 7, 2023, through on or about July 25, 2023, in the State and District of Minnesota and elsewhere, the defendants,

**OSCAR BECERRA-RUIZ and
JASPER WILLIAM JOHNSON,**

did knowingly and intentionally attempt to acquire and obtain promethazine with codeine, a controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit, by making unauthorized intrusions into the RICS system and the Wisconsin Department of Safety and Professional Services Website, accessing Victim 4's accounts without lawful authority, changing physician Victim 4's contact information in the RICS system, placing orders for promethazine with codeine with a pharmaceutical company using Victim 4's means of identification, and attempting to receive the orders at a fake physician office location; all in violation of Title 21, United States Code, Section 843(a)(3).

*United States v. Oscar Becerra-Ruiz, et al.*

## COUNT 18
(Accessing a Protected Computer in Furtherance of Fraud – Victim 5)

33. Paragraphs 1-14 are incorporated herein.

34. On or about March 1, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

knowingly and with intent to defraud, accessed a protected computer without authorization and by means of such conduct furthered the intended fraud described in Count 1, and obtained something of value, specifically, approximately $4,000 of the controlled substance promethazine with codeine; all in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A).

## COUNT 19
(Aggravated Identity Theft – Victim 5)

35. Paragraphs 1-14 and 33-34 are incorporated herein.

36. On or about March 1, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON**,

did knowingly transfer, possess, and use, without lawful authority, a means of identification, to wit, the name, Employer Identification Number, and DEA Registration Number of Victim 5 during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the

violation of Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A) alleged in Count 18 of this Indictment; all in violation of Title 18, United States Code, Section 1028A.

## COUNT 20
(Attempt to Acquire and Obtain a Controlled Substance by Fraud – Victim 5)

37. Paragraphs 1-14 and 33-36 are incorporated herein.

38. From on or about March 1, 2023, through on or about May 15, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

did knowingly and intentionally attempt to acquire and obtain promethazine with codeine, a controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit, by making an unauthorized intrusion into the RICS system, accessing Victim 5's RICS account without lawful authority, changing Victim 5's contact information in the RICS system, placing orders for promethazine with codeine with pharmaceutical companies in Victim 5's name, and attempting to receive the orders at a fake physician office location; all in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 21
(Accessing a Protected Computer in Furtherance of Fraud – Victim 6)

39. Paragraphs 1-14 are incorporated herein.

40. On or about March 31, 2023, in the State and District of Minnesota and elsewhere, the defendant,

*United States v. Oscar Becerra-Ruiz, et al.*

**JASPER WILLIAM JOHNSON,**

knowingly and with intent to defraud, accessed a protected computer without authorization and by means of such conduct furthered the intended fraud described in Count 1, and obtained something of value, specifically, approximately $1,500 of the controlled substance promethazine with codeine; all in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A).

## COUNT 22
(Aggravated Identity Theft – Victim 6)

41. Paragraphs 1-14 and 39-40 are incorporated herein.

42. On or about March 31, 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification, to wit, the name, Employer Identification Number, and DEA Registration Number of Victim 6 during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the violation of Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A) alleged in Count 21 of this Indictment; all in violation of Title 18, United States code, Section 1028A.

## COUNT 23
(Attempt to Acquire and Obtain a Controlled Substance by Fraud – Victim 6)

43. Paragraphs 1-14 and 39-42 are incorporated herein.

44. From on or about March 31, 2023, through in or about July 2023, in the State and District of Minnesota and elsewhere, the defendant,

**JASPER WILLIAM JOHNSON,**

did knowingly and intentionally attempt to acquire and obtain promethazine with codeine, a controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit, by making an unauthorized intrusion into the RICS system, accessing Victim 6's RICS account without lawful authority, changing Victim 6's contact information in the RICS system, placing orders for promethazine with codeine with pharmaceutical companies in Victim 6's name, and attempting to receive the orders at a fake physician office location; all in violation of Title 21, United States Code, Section 843(a)(3).

## FORFEITURE ALLEGATIONS

45. Paragraphs 1 through 44 are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures.

46. If convicted of any Counts 1, 14, 17, 20, or 23, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation and any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of said violation.

47. If convicted of any Counts 2-12, defendant JASPER WILLIAM JOHNSON shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by 28 United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s).

48. If convicted of any of Counts 15, 18, or 21, defendant JASPER WILLIAM JOHNSON shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds defendant JOHNSON obtained directly or indirectly, as the result of violations of Title 18, United States Code, Sections 1030(a)(4), and, pursuant to Title 18, United States Code, Section 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of the fraud and any property, real or personal, constituting or derived from, any proceeds that defendant JOHNSON obtained, directly or indirectly, as a result of the fraud.

49. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute

property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____    _____
UNITED STATES ATTORNEY            FOREPERSON